**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  20-cv-01742-KLM

UNITED STATES OF AMERICA, ex rel.,
BRYAN SWANTON,

       Plaintiff-Relator,

v.

ZHONG "HENRY" ZOU, individually, and
in his official capacity as owner of INSTEC,

INSTEC, INC.,

ZOE SCIENCE & TECHNOLOGY CO.,
LTD. d/b/a INSTEC,

SHANGHAI HENGSHANG PRECISION
INSTRUMENT, CO., d/b/a INSTEC,

BRUKER CORPORATION,

       Defendants.

---

**PLAINTIFF-RELATOR'S STATUS REPORT
AND MOTON TO SET STATUS CONFERENCE**

---

       Plaintiff-Relator Bryan Swanton, by and through his undersigned counsel,

submits the following Status Report and moves this Court to set a status conference to

address open matters pertaining to this case, as further described and discussed below:

       1.    On June 15, 2020, Plaintiff-Relator commenced this action on behalf of the

United States with the filing of a complaint alleging various violations of the False Claims

Act, 31 U.S.C §§ 3729 *et seq*., by defendants Zhong "Henry" Zou and Instec, Inc. ("Instec"), among others.  In accordance with the provisions of the False Claims Act, the complaint was filed under seal and served only upon the United States at the time.

2.      On August 12, 2022, having conducted an investigation, the United States submitted its notice to partially intervene in the case with respect to certain allegation and claims arising under the False Claims Act, as set forth in the Complaint, denominated "Covered Conduct" (DE 20).[1] The United States' partial intervention notice indicated that, in connection with its partial intervention, it, Plaintiff-Relator Swanton, and Defendants Zou and Instec had entered into a written Settlement Agreement in compromise and resolution of certain claims asserted in this action, pursuant to which, *inter alia*, Plaintiff-Relator had agreed to dismiss all claims under the False Claims Act with prejudice with the exception of certain specified claims against Defendants Zou and Instec as set forth in the Settlement Agreement.   These reserved claims included claims against Zou and Instec for expenses, reasonable attorneys' fees and costs pursuant to 31 U.S.C. § 3730(d)(2) and for wrongful termination and other employment-related claims, as well as claims not arising under the False Claims Act in his capacity as a relator on behalf of the United States.

3.      On September 1, 2020, in accordance with the provisions of the Settlement Agreement, the United States and Plaintiff-Relator filed their joint stipulation of voluntarily dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), dismissing the non-reserved claims with prejudice subject to the terms of the Settlement Agreement (DE 22).

---

[1]      "DE" refers to docket entries in this case.

4.      With the filing of this stipulation, what remains in this case to be litigated in this case is the matter of statutory attorneys' fees, expenses and costs with respect to Defendants Zou and Instec and a series of workplace-related claims of Plaintiff-Relator with respect to both of them. Counsel for Plaintiff-Relator, in the wake of the Settlement Agreement, has sought to resolve these matters and claims informally through written correspondence and dialogue with an attorney who represented Defendants Zou and Instec in connection with the United States' investigation of this case and its partial settlement. These informal efforts have resulted in no progress to date beyond an exchange of positions and viewpoints.

5.      Accordingly, Plaintiff-Relator proceeded to take steps to secure service of process of the complaint in this case. On October 12, 2022, Plaintiff-Relator's counsel transmitted proposed Waiver of Service of Summons forms to the attorney who has been represented Defendants Zou and Instec, together with the Complaint.  The waiver forms were provided for all defendants named in the Complaint, save Bruker Corporation. On October 17, 2022, this attorney transmitted back to counsel for Plaintiff-Relator signed waivers of service executed by Defendant Zou in his personal capacity and on behalf of Instec.[2]  The attorney related that Defendant Zou disclaimed authority to waive service of the remaining two defendants, Zoe Science & Technology Co., LTD ("Zoe") and Shanghai Hengshang Precision Instrument, Co. ("SHPI"), two foreign entitles alleged to be affiliates of Instec. Service has yet to be perfected on either of these two defendants.[3]

---

[2]      These executed waiver of service forms will be filed by Plaintiff-Relator.
[3]      Consistent with the terms of the Settlement Agreement, Plaintiff-Relator will not be proceeding against Bruker Corporation and will file a notice of voluntary dismissal with respect to it.

6.    In communications related to the issue of waiver of service, the attorney has advised that he does not currently represent Defendants Zou or Instec or the affiliated entity defendants, and it is believed that none of these defendants is currently represented in connection with this case.

7.    Plaintiff-Relator requests that this Court now set a status conference to consider and address how the remaining issues in this case, including Plaintiff-Relator's entitlement to statutory attorneys' fees, expenses and costs, should be resolved.  The issue of counsel for the defendants and the status of the case against the affiliated foreign entity defendants should also be considered. Plaintiff-Relator would propose, in particular, that the matter of statutory attorneys' fees, expenses and costs be addressed by motion practice and that the Court consider setting a briefing schedule relating to this motion practice. Plaintiff-Relator would also be prepared to discuss setting a schedule for amending the complaint in this case to add his contemplated workplace claims and for answering or otherwise responding to an amended complaint. Finally, Plaintiff-Relator would propose that the subject of possible resolution of these open matters through a court-supervised settlement conference be addressed with the parties.

Dated: November 1, 2022

Respectfully submitted,

*s/Kenneth M. Harmon*
Kenneth M. Harmon
Springer and Steinberg, P.C.
1600 Broadway Suite 1200
Denver, Colorado 80202
Telephone: (303) 861-2800
kharmon@springersteinberg.com

David Colapinto
Kohn, Kohn & Colapinto, LLP
1710 N St. NW
Washington, D.C. 20036
Telephone: (202) 342-6980

Attorneys for Plaintiff-Relator Swanton

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing, and access thereto, to all counsel of record in this case.

I also hereby certify that on November 1, 2022, I caused the foregoing to mailed and transmitted by email to the following individuals via U.S. Mail at the addresses indicated:

Zhong "Henry" Zou,
individually and in his capacity as principal
and owner of Instec, Inc.
henry.zou@instec.com
5485 Conestoga Ct., #240
Boulder, Colorado 80301

Theodore P. Watson
Watson & Associates, LLC
*watsont@theodorewatson.com*
10200 East Girard Ave., Ste. 245
Denver, Colorado 80231

*s/ Kenneth M. Harmon*
Kenneth M. Harmon