IN THE UNITED STATE DISTRICT COURT FOR
THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-01742-KLM

UNITED STATES OF AMERICA, ex rel.,
BRYAN SWANTON,

      Plaintiff-Relator,

v.

ZHONG "HENRY" ZOU, individually, and
in his official capacity as owner of INSTEC,

INSTEC, INC.,

ZOE SCIENCE & TECHNOLOGY CO.,
LTD. d/b/a INSTEC,

SHANGHAI HENGSHANG PRECISION
INSTRUMENT, CO. d/b/a INSTEC,

BRUKER CORPORATION,

      Defendants.

---

**DEFENDANTS ZHONG "HENRY" ZOU AND INSTEC, INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

Pursuant to Fed.R.Civ.P. Rule 12(b)(6), and D.C.COLO.LCivR 7.1, Defendants Zhong "Henry" Zou ("Zou") and Instec, Inc. ("Instec") (collectively, "Defendants"), by and through their undersigned counsel, move to dismiss Plaintiff's Complaint and Demand for Jury Trial and for other relief the Court deems just and proper. In support thereof, Defendants state as follows:

## FACTUAL SUMMARY

1.   Plaintiff-Relator, United States of America, *ex rel.,* Bryan Swanton ("Plaintiff-Relator") filed its Complaint and Demand for Jury Trial Filed Under Seal Pursuant to 31 U.S.C. § 3730(b)(2) on June 15, 2020 ("Complaint") (Doc. 1).

2.   Plaintiff-Relator's Complaint asserted four counts consisting of violations of 31 U.S.C. § 3729(a)(1)(A), (B), (C) and (G).

3.   None of the counts reflected within the Plaintiff-Relator's Complaint specifically address the payment, or attorneys' fees and costs.

4.   Albeit, paragraph (f) of the Prayer for Relief in the Complaint, the Plaintiff-Relator requests "[t]hat the Plaintiff-Relator, be awarded all costs of this action, including attorneys' fees and costs pursuant to 31 U.S.C. §§ 3730(d)."

5.   On August 4, 2022, the parties entered into a Settlement Agreement.

6.   Paragraph 3 of the Settlement Agreement states: "Nothing in this Agreement shall dismiss or release any claims by Relator against Instec and Dr. Zou [Defendants] for expenses, reasonable attorney's' fees and costs pursuant to 31 U.S.C. § 3730(d)(2) . . ."

7.   Thereafter, on September 1, 2022, the Plaintiff-Relator filed a Joint Stipulation of Voluntary Dismissal ("Stipulation for Dismissal"), pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) (Doc. 22).

8.   Paragraph 3 of the Stipulation for Dismissal states in its entirety: "The dismissal shall be with prejudice to Relator as to <u>all claims</u> in the above-captioned action subject to the exceptions of such release as set forth in the Settlement Agreement" (emphasis added).

9.   The court terminated the case on September 30, 2022 (Doc. 24).

10. On October 12, 2022, the Plaintiff-Relator sent the Defendants a letter via email regarding Defendants' waiver of service of process pursuant to Fed. R. Civ. P. 4(d) with attached Forms AO399, Waiver of the Service of Summons, and a copy of the Complaint (Exhibit 1).

11. Despite all counts being dismissed and the case being terminated by the court, the Complaint was sent to the Defendants in its original form. (Exhibit 1 at 6).

12. On October 13, 2022, the Defendants' prior counsel sent a letter via email to the Plaintiff-Relator's counsel acknowledging receipt of their request to accept service. (Exhibit 2).

13. Defendants' prior counsel also discussed amending the Complaint with the Relator's by stating: "With that said, we understand that it is your plan to move ahead with the case and to amend the Complaint with causes of actions relevant to Dr. Zou and Instec regarding the employment matters involving Instec and Dr. Zou as Defendants" (Exhibit 2 at 3).

14. Plaintiff-Relator's counsel never followed up with the Defendants' prior counsel about amending the Complaint.

15. On October 16, 2022, the Defendants separately signed the Waivers of Service and returned them to the Plaintiff-Relator. (Docs. 25 and 26).

16. On October 20, 2022, the Defendants' prior counsel inquired once again about the Plaintiff-Relator amending the Complaint. He never received a response. (Exhibit 3).

17. On November 16, 2022, Plaintiff-Relator filed Plaintiff-Relator's Status Report and Motion to Set Status Conference asserting there are outstanding claims which remain to be determined (Doc. 27).

18. On December, 12, 2022, a conference call occurred between the Defendants' current counsel (the undersigned) and the Plaintiff-Relator's counsel.

19. During this phone conference, Defendants' counsel once again requested that the Plaintiff-Relator either dismiss the Complaint or file an amended Complaint.

20. Once again the Defendants' counsel's request was disregarded despite the Complaint stating claims that had been voluntarily dismissed by the Plaintiff-Relator and the case being terminated by the court.

21. On December 12, 2022, the parties submitted a "Stipulation for Extension of Time for Defendants Zhong "Henry" Zou And Instec, Inc. to File Responsive Pleading to the Complaint." As a result, the Answer or other Responsive Pleading is now due on or before December 27, 2022.

    a.    20.    On December 22, 2022, counsel for the Defendants sent an email to the Plaintiff-Relator's counsel, pursuant to D.C.COLO.LCivR 7.1, making yet another request that the erroneous Complaint be dismissed by December 27, 2022; the deadline for the Defendants to file an Answer.

22. The December 22nd email also addressed the Plaintiff-Relator's request for attorneys' fees.

23. On December 23, 2022, the Plaintiff-Relator's attorneys advised that they would not be dismissing or amending the Complaint by December 27, 2022.

## LEGAL STANDARD

### Failure to State a Claim Upon Which Relief Can Be Granted.

24.     Under Rule 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Dubbs v. Head Start, Inc., 336 F.3d 1194, 1201 (10th Cir. 2003) (internal quotation marks omitted).

25.     The Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." Ridge at Red Hawk, 493 F.3d at 1177. Thus, in ruling on a Motion to Dismiss under Rule 12(b)(6), the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim for relief that is plausible on its face.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

26.     Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." Dias v. City & Cnty. of Denver, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" Id. (quoting Twombly, 550 U.S. at 556). **However, "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting Twombly, 550**

**U.S. at 556)"** (emphasis added).  [C]omplaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' . . . 'will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

27. Plaintiff-Relator knowingly served a Complaint with claims (counts) upon which relief cannot be granted.

28. All four of the claims/counts were voluntarily dismissed by the parties' counsel on September 1, 2022 and the court terminated the case on September 30, 2022.

29. Therefore, the claims/counts asserted in Plaintiff-Relator's Complaint no longer exist.

30. As such, the plaintiff has failed to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008).

**Mootness.**

31. This Court lacks subject-matter jurisdiction over matters that are moot. See Rio Grande Silvery Minnow v. Bureau of Reclamation, 601 F.3d 1096, 1109 (10th Cir. 2010). The doctrine of standing generally requires assessing whether a plaintiff's personal interest in a dispute exists at the outset; "the doctrine of mootness considers whether it exists throughout the proceedings." Uzuegbunam v. Preczewski, 141 S. Ct. 792, 796 (2021). An action becomes moot if intervening circumstances deprive the plaintiff of a personal stake in the dispute—the crucial question is whether granting a present determination of the issues offered will have some effect in the real world. Hendrickson v. AFSCME Council 18, 992 F.3d 950, 957-58 (10th Cir. 2021)

(quoting Jane Does 1-11, and John Does 1, 3-7 v Board of Regents of the University of Colorado, Civil Action No.21-cv-02637-RM-KMT, September 29, 2022).

32. Moreover, on a motion to dismiss, a court may consider documents outside the complaint if they are central to the plaintiff's claim and referred to in the complaint and the parties do not dispute their authenticity. *See Waller v. City & Cnty. of Denver,* 932 F.3d 1277, 1282 (10th Cir. 2019). <u>Or a court may consider such documents to show their contents but not to prove the truth of matters asserted in them</u>. *See Tal v. Hogan,* 453 F.3d 1244, 1264 n.24 (10th Cir. 2006). (Emphasis added.)

33. In this instance, all four of the Plaintiff-Relator's claims/counts were voluntarily dismissed by the parties' counsel on September 1, 2022 and the court terminated the case on September 30, 2022.

34. This court, when determining a Motion to Dismiss may consider the aforementioned voluntary dismissal of claims/counts and the court's termination of the case.

35. Because the claims have already been dismissed, they have been resolved, and they are by definition moot.

**The Plaintiff-Relator's request for attorney's fees, costs and expenses can obtained independently of the previously dismissed Complaint.**

36. The Defendants and the Plaintiff-Relator entered into a Settlement Agreement on September 1, 2022.

37. The Settlement Agreement specifically states in paragraph 3, "[n]othing in this Agreement shall dismiss or release any claims by Relator against Instec and Dr. Zou

[Defendants] for expenses, reasonable attorney's fees and costs pursuant to 31 U.S.C. § 3730(d)(2) . . ."

38.     Generally, a "trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." United States v. Hardage, 982 F.2d 1491, 1496 (10th Cir. 1993) (citation omitted); DiFrancesco v. Particle Interconnect Corp., 39 P.3d 1243, 1247 (Colo. App. 2001) ("A court may summarily enforce a settlement agreement if it is undisputed that a settlement exists"). Additionally, "[i]ssues involving the formation and construction of a purported settlement agreement are resolved by applying state contract law." Shoels v. Klebold, 375 F.3d 1054, 1060 (10th Cir. 2004). (Quoting Mandell v Univ. of Colo., Civil Action No. 20-cv-03766-PAB-KLM, United States District Court, D. Colorado, March 29, 2022.)

39.     Importantly, Plaintiff-Relator did not make a claim for relief for "expenses, reasonable attorneys' fees and costs."

40.     Plaintiff-Relator did, however, within its Prayer for Relief make the following statement, "WHEREFORE, Plaintiff-Relator, on behalf of himself and the United States, requests that judgment be entered in his favor and against Defendants as follows:

. . .

(f)     That the Plaintiff-Relator, be awarded all costs of this action, including attorneys' fees and costs pursuant to 31 U.S.C. §§ 3730(d).

. . .

41.     It is axiomatic that a prayer for relief is a request for an award of specific damages, not a claim/count asserted against the defendant(s).

42. Notwithstanding this analysis, there is an enforceable settlement with regards to the payment of attorneys' fees and costs pursuant to 31 U.S.C. §§ 3730(d).

43. As such, Plaintiff-Relator has a means in which to assert its claim for attorneys' fees and costs.

44. Instead of knowingly filing an improper Complaint, Plaintiff-Relator could have filed a motion to enforce the settlement agreement.

**The Defendants should be awarded attorney's fees associated with this Motion to Dismiss.**

45. While the Defendants are not filing a Motion for Sanctions pursuant to Fed. R. Civ. P. 11(b), the rule may aid the court in how it addresses the Plaintiff-Relator's knowingly improper filing of the Complaint in this case.

46. Fed. R. Civ. P.11(b) provides:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

    (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

    (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

    (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

47. As stated above, on September 1, 2022, the Plaintiff-Relator filed a Joint Stipulation of Voluntary Dismissal ("Stipulation for Dismissal"), pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). (Doc. 22), and on September 30, 2022 the court terminated this case.

48. Nevertheless, the Plaintiff-Relator knowingly served Defendants with a Complaint wherein all of the claims/counts were dismissed and the case was closed.

49. The Plaintiff-Relator knowingly filed a Complaint wherein every claim/count was moot.

50. Therefore, Plaintiff-Relator is in violation of Fed. R. Civ. P. 11(b) as reflected above.

51. Additionally, Plaintiff-Relator's claim that their dismissed and moot Complaint is necessary for it to receive attorneys' fees and costs is without merit.

52. The Plaintiff-Relator could have, and still can, file a motion to enforce the aforementioned settlement agreement.

53. Although even filing a motion to enforce the settlement agreement is unnecessary as the Defendants made at least three requests for the Plaintiff-Relator to submit its ledger or accounting of reasonable attorneys' fees and costs. Defendants have yet to receive the ledger.

54. The Plaintiff-Relator has inexplicably opted instead to knowingly serve an improper Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request the following:

(a) That Defendants Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) be granted;

(b) That Defendants be awarded attorneys' fees and costs associated with the filing of their Motion to Dismiss.

DATED December 27, 2022.        *s/ Scott L. Evans*
Scott L. Evans, #25475
BUCHALTER, P.C.
1624 Market Street, Suite 400
Denver, CO 80202
slevans@buchalter.com

*Attorney for Defendants Zhong "Henry" Zou and Instec, Inc.*

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 27th day of December, 2022, I served a true and correct copy of the foregoing through the CM/ECF system to all counsel of record.

                *s/ Marie A. Newberger*
                Marie A. Newberger