**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 20-cv-01742-NYW

UNITED STATES OF AMERICA, ex rel., BRYAN SWANTON,

      Plaintiff-Relator,

v.

ZHONG "HENRY" ZOU, individually, and in his official capacity as owner of INSTEC,
INSTEC, INC.,
ZOE SCIENCE & TECHNOLOGY CO., LTD. d/b/a INSTEC,
SHANGHAI HENGSHANG PRECISION INSTRUMENT, CO. d/b/a INSTEC, and
BRUKER CORPORATION,

      Defendants.

---

## MEMORANDUM OPINION AND ORDER

---

This matter is before the Court on two motions: (1) Defendants Zhong "Henry" Zou and Instec, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss") [Doc. 30, filed December 27, 2022]; and (2) Plaintiff-Relator's Motion to Vacate and Correct the Voluntary Dismissal ("Motion to Vacate" and, collectively, the "Motions") [Doc. 33, filed January 31, 2023]. Upon careful review of the Motions and corresponding briefing, the entire case file, and the applicable case law, the Motion to Vacate is **GRANTED IN PART** and **DENIED IN PART**, and the Motion to Dismiss is **DENIED AS MOOT**.

### BACKGROUND

This is a False Claims Act ("FCA") case in which Plaintiff-Relator Bryan Swanton ("Mr. Swanton" or "Plaintiff") filed a *qui tam* Complaint on June 15, 2020, [Doc. 1], alleging that Defendants Zhong "Henry" Zou ("Dr. Zou"), Instec, Inc. ("Instec"), Zoe Science & Technology Co., Ltd. d/b/a Instec, Shanghai Hengshang Precision Instrument, Co. d/b/a Instec, and Bruker

Corporation violated the FCA, 31 U.S.C. §§ 3729, *et seq.*, by failing to comply with the requirements of the Buy American Act ("BAA"), 41 U.S.C. §§ 8301, *et seq.*, when selling Instec products to federal agencies and national laboratories. *See generally* [Doc. 1]. Dr. Zou is a former Sales Manager at Instec in Boulder, Colorado. [*Id.* at ¶ 6]. This case was initially assigned to United States Magistrate Judge Kristen L. Mix. [Doc. 2].

On August 12, 2022, the United States of America ("United States" or the "Government") notified that Court that, pursuant to 31 U.S.C. § 3730(b)(2) and (4), it was electing to intervene partially in this action only with respect to the allegations that Dr. Zou and Instec "violated the [FCA] . . . by failing to comply with the requirements of the [BAA] . . . when selling Instec products to federal agencies and national laboratories." [Doc. 20 at 1–2]. The Government also notified the Court that it had "entered into and fully executed a Settlement Agreement" with Mr. Swanton, Dr. Zou, and Instec,[1] the terms of which provide that:

> [I]n exchange for a monetary payment by Defendants Zou and Instec, [Mr. Swanton] has agreed to dismiss all claims in this action with prejudice, with the exception of certain claims against Defendants that are expressly reserved in the Settlement Agreement. The United States has agreed to dismiss with prejudice the Covered Conduct released in the Settlement Agreement. The dismissal of all other claims in the action shall be without prejudice to the United States.

[*Id.* at 2]; *see also* [Doc. 33-1 (Settlement Agreement)].

***Stipulation of Dismissal.*** On September 1, 2022, before any of Defendants responded to the Complaint, the United States and Mr. Swanton filed a Joint Stipulation of Voluntary Dismissal ("Stipulation of Dismissal" or "Stipulation"). [Doc. 22]. They represented that, "[p]ursuant to

---

[1] The remaining Defendants—Zoe Science & Technology Co., Ltd. d/b/a Instec, Shanghai Hengshang Precision Instrument, Co. d/b/a Instec, and Bruker Corporation—are not parties to the Settlement Agreement. *See* [Doc. 33-1]. Indeed, as of this writing, counsel for those Defendants have yet to appear in this case.

Federal Rule of Civil Procedure 41(a)(1)(A)(i)," they stipulated and agreed to the following terms of dismissal:

> 1. The United States, Relator, and Defendants have entered into a written Settlement Agreement in compromise and resolution of certain claims asserted in this action.
>
> 2. The United States and Relator have therefore agreed to voluntarily dismiss the above-captioned action pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), subject to the terms of the Settlement Agreement.
>
> 3. The dismissal shall be with prejudice to Relator as to all claims in the above-captioned action subject to the exceptions of such release as set forth in the Settlement Agreement.
>
> 4. The dismissal shall be with prejudice to the United States as to the Covered Conduct released in the Settlement Agreement. The dismissal shall be without prejudice to the United States as to those claims asserted in the Complaint but not included within the Covered Conduct.
>
> 5. Each party shall bear their own fees and costs, except as provided by the terms of the Settlement Agreement.
>
> 6. The Relator's claims for attorneys fees and costs pursuant to 31 U.S.C. § 3730(d) shall not be dismissed by this Stipulation of Dismissal.
>
> 7. The United States consents to the dismissal of this action as set forth above and subject to the terms of the Settlement Agreement in consideration of the mutual promises and obligations of the Settlement Agreement. The United States has investigated this matter, reviewed the underlying documents provided, and consulted with the appropriate government officials. Having considered the totality of the circumstances, the United States believes it is now appropriate to dismiss this case as set forth above.

[*Id.* at 1–2]. On September 30, 2022, the Clerk of Court terminated this case pursuant to the Stipulation of Dismissal. [Doc. 24].

  ***Waivers of Service and Status Report.*** Thereafter, on November 1, 2022, Mr. Swanton filed two waivers of service indicating that Defendants Zou and Instec (collectively,

"Defendants")[2] had waived service of the Complaint on October 14, 2022, and their answers were due December 13, 2022. [Doc. 25; Doc. 26].[3] The same day, Plaintiff also filed a "Status Report and Motion to Set Status Conference" ("Status Report") explaining, *inter alia*, that the Settlement Agreement reserved claims against Defendants "for expenses, reasonable attorneys' fees and costs pursuant to 31 U.S.C. § 3730(d)(2) and for wrongful termination and other employment-related claims, as well as claims not arising under the False Claims Act in his capacity as a relator on behalf of the United States." [Doc. 27 at ¶ 2]; *see also* [*id.* at ¶ 4]. Plaintiff represented that his counsel, "in the wake of the Settlement Agreement, ha[d] sought to resolve these matters and claims informally through written correspondence and dialogue with an attorney who represented Defendants Zou and Instec in connection with the United States' investigation of this case and its partial settlement." [*Id.* at ¶ 4]. However, apart from "an exchange of positions and viewpoints," their efforts at resolution had been unsuccessful. [*Id.*]. Mr. Swanton claimed he therefore took steps "to secure service of process of the complaint in this case," thus leading to the waivers of service that Plaintiff filed on November 1, 2022. [*Id.* at ¶ 5]; *see also* [Doc. 25; Doc. 26].

Mr. Swanton requested a status conference to address, *inter alia*, "how the remaining issues in this case, including [Plaintiff's] entitlement to statutory attorneys' fees, expenses and costs, should be resolved." [Doc. 27 at ¶ 7]. He also proposed setting a briefing schedule to resolve the

---

[2] The remaining, non-appearing Defendants are not relevant to the substance of this Order, nor are they mentioned again beyond the Background section of this Order. Therefore, for ease of readability, any references to "Defendants" throughout the rest of this Order will refer collectively to Dr. Zou and Instec.

[3] The Court notes that Defendant Zou signed both waivers of service, *see* [Doc. 25; Doc. 26], and Instec did not obtain attorney representation until *after* the waivers were signed. *See* [Doc. 28, filed November 28, 2022]. Although it was improper for Dr. Zou to waive service on behalf of Instec, *see, e.g.*, D.C.COLO.LAttyR 5(b) (explaining that "a corporation, partnership, or other legal entity . . . may not appear without counsel admitted to the bar of this court"), this issue has no bearing on the resolution of the instant Motions.

issue of fees and costs; set a schedule "for amending the complaint . . . to add his contemplated workplace claims and for answering or otherwise responding to an amended complaint"; and "possible resolution of these open matters through a court-supervised settlement conference." [*Id.*].

***Motion to Dismiss.***  On December 27, 2022, Defendants Zou and Instec filed the instant Motion to Dismiss, wherein they express confusion regarding the procedural posture of this case. *See* [Doc. 30].  Defendants contend that their counsel made multiple requests that Plaintiff dismiss the Complaint or file an amended complaint in light of the Stipulation dismissing "*all claims* in the above-captioned action subject to the exceptions of such release as set forth in the Settlement Agreement."  [*Id.* at ¶¶ 8, 19–20].  Defendants claim that Plaintiff's counsel disregarded these requests, however, and ultimately advised that Plaintiff would not be dismissing the case or filing an amended pleading before the deadline to respond to the Complaint.  *See* [*id.* at ¶¶ 13–14, 20, 23].  Accordingly, in the Motion to Dismiss, Defendants Zou and Instec seek dismissal under Rule 12(b)(6) for failure to state a claim on the grounds that Plaintiff "knowingly served a Complaint with claims (counts) upon which relief cannot be granted" because "[a]ll four of the claims/counts were voluntarily dismissed by the parties' counsel on September 1, 2022 and the court terminated the case on September 30, 2022."  [*Id.* at ¶¶ 27–28].  Defendants also suggest that Plaintiff lacks standing on mootness grounds, reasoning that "[b]ecause the claims have already been dismissed, they have been resolved, and they are by definition moot."  [*Id.* at ¶¶ 31, 35].  In addition, Defendants contend that Plaintiff can independently seek the fees, costs, and expenses reserved in the Settlement Agreement because "[g]enerally, a 'trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it.'"  [*Id.* at ¶¶ 36–38 (quoting *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993))].  Finally,

Defendants argue they should be awarded attorney's fees associated with filing the Motion to Dismiss. [*Id.* at ¶¶ 45–54]. Plaintiff responded in opposition to the Motion to Dismiss on January 31, 2023, [Doc. 34], and Defendants Zou and Instec replied thereafter. *See* [Doc. 42].

   ***Motion to Vacate.*** On January 31, 2023, the same day he responded to the Motion to Dismiss, Plaintiff filed the instant Motion to Vacate, wherein he seeks to "vacate and correct" the Stipulation of Dismissal on the basis that the FCA "requires written consent to the dismissal by the court stating the reasons for the consent." [Doc. 33 at 1]; *see also* [*id.* at 8 ("This motion is necessary to vacate and correct the dismissal in accordance with the intent of the parties and consistent with the FCA, 31 U.S.C. § 3730(b)(1), which requires a court order of dismissal.")]. Plaintiff contends that Federal Rule of Civil Procedure 41(a)(1) "does not apply when a statute, such as the FCA, requires a court order of dismissal" or when "certain conditions [are placed] on the dismissal with respect to claims pursuant to a settlement in which the parties agreed not to dismiss certain claims." [*Id.* at 1–2]. Instead, Plaintiff argues that the Court was required to enter an order dismissing this case pursuant to Federal Rule of Civil Procedure 41(a)(2), which governs dismissal by court order. [*Id.* at 2]. Plaintiff also contends, in the alternative, that "even if the joint stipulation of voluntary dismissal were to be considered an effective final dismissal, [he] relies on Rule 60(b)(6) as support for an order to reopen the case and to vacate and correct the dismissal." [*Id.*]. Defendants Zou and Instec responded to the Motion to Vacate, [Doc. 41], and Plaintiff replied thereafter, [Doc. 43].

   On February 23, 2023, Judge Mix *sua sponte* found that "this case should be reopened in order to, at a minimum, have this case reassigned to a District Judge and to determine the appropriateness of the dismissal of this action in light of the additional information provided by [Mr. Swanton]." [Doc. 38 at 2]. This case was reopened accordingly and ultimately reassigned

to the undersigned District Judge.  *See* [Doc. 39; Doc. 40].  On April 10, 2023, the Court held a hearing regarding the pending Motions.  *See* [Doc. 48].  The Motion to Dismiss and Motion to Vacate are thus ripe for disposition.

## LEGAL STANDARDS

### I.  False Claims Act

"Congress passed the original False Claims Act in 1863 to combat rampant fraud in Civil War defense contracts," and it "covers all fraudulent attempts to cause the Government to pay out sums of money."  *United States ex rel. Bahrani v. Conagra, Inc.*, 465 F.3d 1189, 1194 (10th Cir. 2006) (internal quotation marks omitted).  The FCA (or the "Act") imposes liability any person who:

> (A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;
>
> (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; [or] . . .
>
> (G) knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government[.]

31 U.S.C. §§ 3729(a)(1)(A), (B), (G).  The FCA authorizes two avenues to combat such fraud.  First, it authorizes suit by the Attorney General of the United States against any person found violating § 3729.  31 U.S.C. § 3730(a).  Second, the "FCA's *qui tam* provisions authorize a private individual—also known as a 'relator'—to bring a civil action to enforce its provisions on behalf of the government and to share in any resulting recovery."  *In re Nat. Gas Royalties Qui Tam Litig.*, 845 F.3d 1010, 1013 (10th Cir. 2017) (citing 31 U.S.C. §§ 3730(b)(1), (d)).

Relevant here, under the FCA, a *qui tam* action brought by a private individual "may be dismissed only if the court and the Attorney General give written consent to the dismissal and their

reasons for consenting." 31 U.S.C. § 3730(b)(1); *see Ridenour v. Kaiser-Hill Co.*, 397 F.3d 925, 930–31 (10th Cir. 2005) ("The relator can only dismiss the action upon written consent of the court and the Attorney General.").

## II.   Federal Rule of Civil Procedure 41(a)(1)(A)

Pursuant to Rule 41(a)(1)(A), a plaintiff may voluntarily dismiss his action without a court order by filing either a "notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). In other words, under Rule 41(a)(1)(A), "a plaintiff has an absolute right to dismiss without prejudice and no action is required on the part of the court" once the plaintiff has provided proper notice of dismissal. *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003); *see De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011) ("A stipulation of dismissal filed under Rule 41(a)(1)(A)(i) . . . is self-executing and immediately strips the district court of jurisdiction over the merits."). However, a plaintiff's right to voluntarily dismiss an action under Rule 41(a)(1)(A) is subject to "any applicable federal statute[.]" Fed. R. Civ. P. 41(a)(1).

As previously mentioned, an individual plaintiff's *qui tam* action under the FCA "may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." 31 U.S.C. § 3730(b)(1). Thus, for the purposes of this case, "Rule 41(a)(1)(A)(i) incorporates the court-consent requirement contained in 31 U.S.C. § 3730(b)(1) [of the FCA], and the two provisions must be read together." *Youssef v. Tishman Const. Corp.*, 744 F.3d 821, 826 (2d Cir. 2014); *see also Large v. Beckham Cnty. Dist. Ct.*, 558 F. App'x 827, 828 (10th Cir. 2014) (observing that "voluntary dismissal [under Rule 41(a)(1)(A)] is subject to applicable federal statutes"); Fed. R. Civ. P. 41(a) advisory committee's note to 1937 adoption ("Provisions regarding dismissal in such statutes as . . . [the False Claims Act] are preserved");

*Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 814–15 (2d Cir. 2022) ("The [Advisory Committee's] Notes mention other statutes—8 U.S.C. § 1329 and 31 U.S.C. § 3730—and the text of those statutes leaves no doubt that, when the statutes apply, voluntary dismissals with or without prejudice require court approval before taking effect.") (Menashi, J., concurring); *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 411 (2d Cir. 2019) ("Rule 41(a)(1)(A) contains an explicit command that judicial approval of a stipulated dismissal is necessary if a federal statute so requires.").

## III.    Federal Rule of Civil Procedure 60(b)

Rule 60(b) permits a court to grant relief from a final judgment or order for specified reasons, including:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).   Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances" and "[p]arties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (internal quotation marks omitted).   "Thus, a motion under . . . [R]ule 60(b) is 'appropriate where the court has misapprehended the facts, a party's position, or the controlling law,' but is 'not appropriate to revisit issues already addressed or

advance arguments that could have been raised in prior briefing.'"   *Kirk v. Winn*, 347 F. Supp. 3d 918, 920 (D.N.M. 2018) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).   Whether to grant relief under Rule 60(b) is in the sound discretion of the trial court.   *See Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006).

## ANALYSIS

Because this case has already been terminated, *see* [Doc. 24], the Court finds it appropriate to first resolve the Motion to Vacate before turning to the Motion to Dismiss.

## I.   Motion to Vacate

In the Motion to Vacate, Plaintiff contends that this case was improperly dismissed under Rule 41(a)(1)(A) for two primary reasons.   First, Plaintiff argues that the Court did not provide "written consent to the dismissal and [its] reasons for consenting," as required by the FCA.   *See* 31 U.S.C. § 3730(b)(1); [Doc. 33 at 8–10].   And because any voluntary dismissal under Rule 41(a)(1)(A) is subject to "any applicable federal statute," Fed. R. Civ. P. 41(a)(1)(A), Plaintiff maintains that the voluntary dismissal in the Stipulation was "not effective," and the Court should grant the Motion to Vacate "to correct this procedural defect and to comply with § 3730(b)(1)." [Doc. 33 at 10].

Second, Plaintiff argues that the Stipulation of Dismissal was also improper under Rule 41(a) because the rule permits "dismissal of an action, not just a claim," and does not allow for conditional dismissals.   [*Id.* at 10–11].   Plaintiff contends that the Stipulation is conditional insofar as it reserved certain claims from the dismissal, including "claims for attorneys' fees and costs in pursuing the action pursuant to 31 U.S.C. § 3730(d) as well employment-related claims such as claims under 31 U.S.C. § 3730(h) and other claims under employment statutes or the common law."   [*Id.* at 11–12, 14]; *see also* [*id.* at 13 ("The parties never agreed to dismiss the entire action

because the Settlement Agreement stated that Plaintiff-Relator's employment-related claims and claims for statutory attorneys' fees and costs were not dismissed and the stipulation stated that the dismissal was only of certain claims subject to the terms of the Settlement Agreement. This language was intended to permit the action to continue so the Plaintiff-Relator could pursue these additional claims.")]. Accordingly, Plaintiff asks the Court to exercise its "inherent authority and jurisdiction to vacate the dismissal" and, thereafter, "enter a dismissal order that comports with 31 U.S.C. § 3730(b)(1) and conditions the dismissal on the terms of settlement while retaining jurisdiction over the non-dismissed claims which were not settled." [*Id.* at 15–16].[4]

Alternatively, Plaintiff contends that "if the Court finds that the stipulation of voluntary dismissal is effective and valid," then the Court should vacate the dismissal pursuant to Rule 60(b)(6). [*Id.* at 17–20]; *see also* Fed. R. Civ. P. 60(b)(6) ("any other reason that justifies relief"). For support, Plaintiff argues that "it would be manifestly unjust to deny Plaintiff-Relator relief and to grant Defendants dismissal of the entire case—relief that they did not obtain in the settlement agreement." [Doc. 33 at 20]. However, Plaintiff clarifies that he "is not seeking to pursue the qui tam claims that were settled and only seeks to correct the record so that the Plaintiff-Relator's claims that the parties agreed were not dismissed can be properly pursued." [*Id.* at 20 n.7].

Plaintiff further contends that he will be prejudiced if the dismissal is not corrected to allow him to pursue the claims reserved in the Settlement Agreement. [*Id.* at 20–21]; *see also* [*id.* at 22 ("Even though the stipulation of dismissal was filed subject to the terms of the Settlement Agreement (which expressly reserved and did not dismiss certain claims) there is a risk of

---

[4] Plaintiff acknowledges that "[i]n hindsight, the United States and Plaintiff-Relator should have submitted a motion under Rule 41(a)(2), that set forth the terms and conditions of the dismissal as well as stating what was preserved in the action as certain claims were expressly not to be dismissed subject to the settlement agreement." [Doc. 33 at 16].

prejudice if the dismissal is not vacated and corrected.")].  Plaintiff reasons that the risk of prejudice exists because "courts have applied res judicata and/or claim preclusion to employment claims that could have been added before voluntary dismissal was filed."  [*Id.* at 22].  Plaintiff therefore seeks to avoid prejudice and "confusion in this case" vis-à-vis an order "limit[ing] the scope of res judicata or claim preclusion" with respect to the non-dismissed claims referenced in the Settlement Agreement.  [*Id.* at 23–24].

Defendants object to the Motion to Vacate on the grounds that Plaintiff and the United States properly dismissed this case pursuant to Rule 41(a)(1)(A), and "[n]owhere within the [FCA] is there a prohibition on voluntary dismissal by stipulation under Rule 41(a)(1)(ii) [sic]" because "[s]uch a prohibition would be absurd and contrary to the long-held belief that settlement among litigants is preferred."  [Doc. 41 at 2–4].  Defendants further argue that the Court should not rely upon Rule 60(b) to vacate the termination of this case because there are no "exceptional circumstance[s]" warranting such relief.  [*Id.* at 5].  Instead, Defendants contend that this "is simply a case where a Plaintiff had months and multiple opportunities to amend the Complaint, and did not."  [*Id.*].  Thus, Defendants continue, the use of Rule 60(b) "would be inconsistent with the Parties' negotiated intent and further create an unnecessary waste of time and expense for the Court and the Parties."  [*Id.*].

### A.    Vacating the Docket Entry Terminating this Case

The Court finds it appropriate to vacate the docket entry terminating this case.  *See* [Doc. 24].  As explained above, a plaintiff's voluntary dismissal of an action pursuant to Rule 41(a)(1)(A) is subject to "any applicable federal statute[.]"  Fed. R. Civ. P. 41(a)(1)(A).  And, under the FCA, a *qui tam* action brought by a private individual "may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting."  31

U.S.C. § 3730(b)(1).   Further, in the Stipulation of Dismissal, Plaintiff and the United States purported to "voluntarily dismiss" this case pursuant to Rule 41(a)(1)(A)(i), *see* [Doc. 22 at ¶ 2]—i.e., by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  Fed. R. Civ. P. 41(a)(1)(A)(i).   In other words, to effectuate Plaintiff's voluntary dismissal of this action under Rule 41(a)(1)(A)(i), the Court was required to provide written consent to the dismissal and an explanation of its reasons for consenting pursuant to the FCA, 31 U.S.C. § 3730(b)(1).  *See Ridenour*, 397 F.3d at 930–31 ("The relator can only dismiss the action upon written consent of the court and the Attorney General."); *United States v. L-3 Commc'ns EOTech, Inc.*, 921 F.3d 11, 18 (2d Cir. 2019) ("In the context of a *qui tam* action, this general Rule 41(a) framework is subject to several constraints imposed by the FCA.  First, the relator may not voluntarily dismiss such an action without the written consent of the court and the United States Attorney General." (citing 31 U.S.C. § 3730(b)(1)).

There is no dispute that the Court did not provide written consent to the dismissal or its reasons for consenting *before* the Clerk of Court terminated this case pursuant to the Stipulation of Dismissal.  *See* [Doc. 22; Doc. 24].  Thus, justice requires that the docket entry terminating this case [Doc. 24] be vacated pursuant to Rule 60(b)(6).  *See* Fed. R. Civ. P. 60(b)(6) (stating a court may "relieve a party or its legal representative from a . . . proceeding for . . . any other reason that justifies relief"); *Johnson v. Spencer*, 950 F.3d 680, 700–01 (10th Cir. 2020) (describing the court's authority under Rule 60(b)(6) as a "grand reservoir of equitable power to do justice" (quotation marks and citation omitted)).[5]

---

[5] Defendants' argument that that the Court should not rely upon Rule 60(b) to vacate the termination of this case because there are no "exceptional circumstance[s]" warranting such relief case is unavailing.  [Doc. 41 at 5].  Indeed, both Rule 60(b) *and* the Court's inherent authority permit the Court, in appropriate circumstances, to revisit and revise its rulings, if necessary, prior to the entry of final judgment.  *See Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005).

Defendants' arguments do not persuade this Court otherwise. Specifically, in arguing that the Court should deny the Motion to Vacate on the grounds that they and the United States "[c]omplied with" Rule 41(a)(1)(A), [Doc. 41 at 2–4], Defendants ignore both (1) the express requirement under that rule that a voluntary dismissal is subject to "any applicable federal statute," Fed. R. Civ. P. 41(a)(1)(A); and (2) that the FCA, in turn, states that an action "may be dismissed *only if* the court" provides "written consent to the dismissal and [its] reasons for consenting," 31 U.S.C. § 3730(b)(1) (emphasis added). *See, e.g.*, [Doc. 33 at 4 (Defendants' argument that "[n]owhere within the [FCA] is there a prohibition on voluntary dismissal by stipulation under Rule 41(a)(1)(ii) [sic]")].

Therefore, the Court exercises its "grand reservoir of equitable power to do justice" under Rule 60(b)(6), *Johnson*, 950 F.3d at 700–01 (citation omitted), and **GRANTS IN PART** the Motion to Vacate insofar as Plaintiff seeks to vacate the docket entry terminating this case, [Doc. 24], and entry of an appropriate order of dismissal.[6]

### B.    Dismissal Order under Rule 41(a)(1) vs. Rule 41(a)(2)

Plaintiff requests that, upon reopening this case, the Court enter an order pursuant to Federal Rule of Civil Procedure 41(a)(2), "stating what claims are dismissed and what is not dismissed, subject to the terms of the Settlement Agreement, and in accordance with § 3730(b)(1)[.]" [Doc. 33 at 10]. Rule 41(a)(2) states in relevant part that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Plaintiff contends that Rule 41(a)(2) should govern the dismissal of this case because, in the Stipulation, Plaintiff and the United States

---

[6] The Court clarifies that this Order *does not* vacate the Stipulation of Dismissal, [Doc. 22], as Plaintiff seeks throughout the Motion to Vacate. *See, e.g.*, [Doc. 33 at 15 ("For all of these reasons, the *stipulation of dismissal* must be vacated pursuant to Rule 41(a)(1)." (emphasis added))].

placed conditions on the dismissal, and such conditional dismissals are properly governed by Rule 41(a)(2), as opposed to Rule 41(a)(1). *See* [Doc. 33 at 1–2, 10–12, 15–17]. Defendants, for their part, disagree that the Court should issue a dismissal order pursuant to Rule 41(a)(2) on the basis that that rule is "inapplicable" to a "voluntary dismissal [that] is <u>joint</u> and not just at the plaintiff's request." [Doc. 41 at 4–5].

At the outset, the Court does not find that it substantively makes any difference whether its dismissal order is made pursuant to Rule 41(a)(1) or (2), given that a dismissal under Rule 41(a)(1) requires the Court's "written consent to the dismissal and [its] reasons for consenting" pursuant to the FCA, 31 U.S.C. § 3730(b)(1), whereas a dismissal under Rule 41(a)(2) is "by court order, on terms that the court considers proper." This Order serves both purposes.

Nevertheless, the Court respectfully agrees with Plaintiff that Rule 41(a)(2) is the proper mechanism for the dismissal of this case. Indeed, "a conditional notice of dismissal is not within the scope of Rule 41(a)(1)." *Hyde Const. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968). As the Tenth Circuit explained in *Hyde*, the purpose of Rule 41(a)(1) is

> to provide a means for terminating an action automatically by filing with the clerk a notice of dismissal. That notice closes the file; no order of the court is needed. If the conditioning of notices of dismissal is allowed, the clerk of the court will be called upon to exercise a duty more than merely ministerial. Instead of simply closing the file of a case once the notice of dismissal is filed, the clerk will have to construe the condition and perhaps even become a fact-finder to determine when the condition is satisfied. This defeats the purpose of Rule 41(a)(1) to provide a quick, automatic means of ending an action.

*Id.* (footnote omitted); *see also Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir. 1989) ("A voluntary dismissal by stipulation under Rule 41(a)(1)(ii) is of right, cannot be conditioned by the court, and does not call for the exercise of any discretion on the part of the court.").[7] Thus, despite the

---

[7] Moreover, the Court is not persuaded by Defendants' argument that Rule 41(a)(2) "is inapplicable because the voluntary dismissal is <u>joint</u> and not just at the plaintiff's request." [Doc. 41 at 4]. Not only do Defendants fail to provide any authority to support this conclusory assertion, *see* [*id.*], but

representation in the Stipulation of Dismissal that Plaintiff and the Government agreed to "voluntarily dismiss th[is] . . . action pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i)," *see* [Doc. 22 at ¶ 2], the Court finds that an appropriate court order was required pursuant to Rule 41(a)(2) to effectuate the dismissal as stipulated.  *See Hyde*, 388 F.2d at 507 (explaining that a notice of dismissal under Rule 41(a)(1) "closes the file; no order of the court is needed").  The Court therefore **CONSTRUES** the Stipulation of Dismissal [Doc. 22] as a request for dismissal under Rule 41(a)(2).  *See* Fed. R. Civ. P. 41(a)(2) ("Except as provided in Rule 41(a)(1), an action may be dismissed *at the plaintiff's request* only by court order, on terms that the court considers proper." (emphasis added)).

### C.    Dismissal Order Language

The Settlement Agreement provides, *inter alia*, that "[n]othing in this Agreement shall dismiss or release any claims by [Plaintiff] against Instec and Dr. Zou for expenses, reasonable attorneys' fees and costs pursuant to 31 U.S.C. § 3730(d)(2), and/or any employment-related claims, such as for wrongful termination, or any other claim not specifically released." [Doc. 33-1 at ¶ 3].  Similarly, in the Stipulation of Dismissal, Plaintiff and the United States represented that the dismissal of this action is "subject to the terms of the Settlement Agreement," including the following:

> The dismissal shall be with prejudice to [Plaintiff] as to all claims in the above-captioned action subject to the exceptions of such release as set forth in the Settlement Agreement.
>
> . . .
>
> The [Plaintiff's] claims for attorneys fees and costs pursuant to 31 U.S.C. § 3730(d) shall not be dismissed by this Stipulation of Dismissal.

---

they acknowledge that the Settlement Agreement and corresponding Stipulation of Dismissal contain "terms and conditions," [*id.* at 7].

[Doc. 22 at ¶¶ 2–3, 6].  According to Plaintiff, the exclusions noted in the Settlement Agreement and the Stipulation, read together, reflect that "[t]he parties never agreed to dismiss the entire action" and "[t]his language was intended to permit the action to continue so the Plaintiff-Relator could pursue these additional claims."  [Doc. 33 at 13]; *see also* [Doc. 43 at 6 ("Since the Settlement Agreement stated that Plaintiff-Relator's employment-related claims and claims for statutory attorneys' fees and costs were not dismissed or released and the stipulation stated that the dismissal was only of certain claims subject to the terms of the Settlement Agreement, the joint stipulation of dismissal was not effective pursuant to Fed. R. Civ. P. 41(a)(1)(A).")].

Plaintiff also attaches a proposed order granting the Motion to Vacate, wherein he suggests language stating, *inter alia*, that

> Plaintiff-Relator's claims against Defendants Zou and Instec for expenses, attorneys' fees and costs pursuant to 31 U.S.C. § 3730(d)(2), and any employment-related claims, such as for wrongful termination, or any other claim not specifically released, are not dismissed and the Court retains jurisdiction to permit Plaintiff-Relator to litigate those claims; and . . .

> Plaintiff-Relator may pursue his employment-related claims, including claims under 31 U.S.C. §3730(h), by seeking leave of this Court to amend the pending complaint in this action or, alternatively, through a separate action or proceeding in this or another court or tribunal having sufficient jurisdiction.  Nothing in this Order shall be construed to preclude Plaintiff-Relator's employment-related (or other claims that are not released in the Settlement Agreement) under principles of res judicata or issue preclusion in this or a separate action or proceeding[.]

[Doc. 33-5 at 4–5].

The Court respectfully disagrees with Plaintiff, and finds that his arguments—as well as the language in the proposed order—broaden the terms of the Settlement Agreement to include provisions to which the parties to that agreement did not consent.  To be sure, Plaintiff asserts four causes of action in the Complaint for "violations of the False Claims Act":

> Count I: "Violations of 31 U.S.C. § 3729(a)(1)(A), Presenting and or causing the Presentment of False Claims to the United States"

Count II: "Violations of 31 U.S.C. § 3729(a)(1)(B), Using False Statements)"

Count III: "Violations of 31 U.S.C. § 3729(a)(1)(C), Conspiring to submit False Claims)"

Count IV: "Violations of the False Claims Act 31 U.S.C. § 3729 (a)(1)(G), Reverse False Claims)"

[Doc. 1 at 23–26]. The Settlement Agreement, in turn, provides that (1) "the United States releases Instec and Dr. Zou from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733," among others; and (2) Mr. Swanton "releases Instec and Dr. Zou from any civil monetary claim [he] has on behalf of the United States under the False Claims Act, 31 U.S.C. §§ 3729–3733." [Doc. 33-1 at ¶¶ 4–5]. In other words, Plaintiff and the United States have already agreed to dismiss Defendants from all causes of action that Plaintiff asserted in the Complaint, as they were all asserted under the FCA. *See, e.g.*, [Doc. 33 at 20 n.7 (Plaintiff's emphasis that he "is not seeking to pursue the qui tam claims that were settled")].

On the other hand, Plaintiff did not assert any employment-related claims in the Complaint. *See generally* [Doc. 1]. Thus, although the Settlement Agreement did not "dismiss . . . any employment-related claims," [Doc. 33-1 at ¶ 3], there were not—and are not—any employment-related claims in the Complaint subject to dismissal in the first place. Similarly, despite Plaintiff's contention that the language in the Settlement Agreement "was intended to permit the action to continue so the Plaintiff-Relator could pursue these additional claims," [Doc. 33 at 13], there is nothing in the Settlement Agreement to support that Plaintiff intended to pursue any such claims in *this* case. *See generally* [Doc. 33-1]. Likewise, neither the Settlement Agreement nor the Stipulation of Dismissal contemplate that Plaintiff intended to amend the Complaint in this case to pursue any additional claims. *See, e.g.*, [Doc. 34 at 11 (Plaintiff's Response to the Motion to Dismiss: "Plaintiff-Relator retains the right to pursue employment-related claims and the claim for

statutory attorneys' fees, both of which the parties expressly agreed were not to be dismissed.  But simply filing an amended complaint does not fully address the issue or permit Plaintiff-Relator to pursue non-dismissed claims without obtaining further action by the Court.")].  In addition, to the extent that Plaintiff's attorney suggested during the Status Conference that Defendants somehow conceded that he could bring his employment-related claims in this case if they were not resolved as part of a global settlement, this Court respectfully declines to enforce an unwritten, undocumented understanding (the existence of which is denied by Defendants).  *Cf. Alvariza v. Home Depot*, 240 F.R.D. 586, 589 (D. Colo. 2007) (observing that the court was "not required to enforce the 'horse trade'" between the parties that was not memorialized by a signed and filed stipulation), *aff'd,* 241 F.R.D. 663 (D. Colo. 2007).[8]

 ***Fees and Costs Pursuant to 31 U.S.C. § 3730(d)(2).***  Further, it makes no difference here that Plaintiff has reserved claims "for expenses, reasonable attorneys' fees and costs pursuant to 31 U.S.C. § 3730(d)(2)."  [Doc. 33-1 at ¶ 3].[9]  Defendants contend in the Motion to Dismiss that

---

[8] Nor does this Court find it appropriate, in the context of the instant Motion to Vacate, to address the Parties' arguments regarding whether Plaintiff is precluded from pursuing any claims that were not the subject of the Complaint.  *See* [Doc. 33 at 22–24; Doc. 41 at 5–6; Doc. 43 at 8–11]; *see also* [Doc. 33-5 at 5 (Plaintiff's proposal that "[n]othing in this Order shall be construed to preclude Plaintiff-Relator's employment-related (or other claims that are not released in the Settlement Agreement) under principles of res judicata or issue preclusion in this or a separate action or proceeding")].

[9] That section of the FCA provides that:

> [i]f the Government does not proceed with an action under this section, the person bringing the action or settling the claim shall receive an amount which the court decides is reasonable for collecting the civil penalty and damages.  The amount shall be not less than 25 percent and not more than 30 percent of the proceeds of the action or settlement and shall be paid out of such proceeds.  Such person shall also receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs.  All such expenses, fees, and costs shall be awarded against the defendant.

31 U.S.C. § 3730(d)(2).

Plaintiff can still pursue such fees and costs pursuant to § 3730(d)(2) independently of the dismissed Complaint, given that such relief is carved out in the Settlement Agreement and the Stipulation of Dismissal.  *See* [Doc. 30 at 7–9 (proposing that Plaintiff "could have filed a motion to enforce the settlement agreement")].  The Court respectfully agrees.

Notably, even where a court's judgment has been appealed—which did not occur in this case—the court would nevertheless "retain[] jurisdiction to rule on [an] application for attorneys' fees, expenses, and costs."  *U.S. ex rel. Maxwell v. Kerr-McGee Oil & Gas Corp.*, 793 F. Supp. 2d 1260, 1263 (D. Colo. 2011) (citations omitted); *see also McKissick v. Yuen*, 618 F.3d 1177, 1196 (10th Cir. 2010) (noting that "an award of attorney fees for the case at issue is perhaps the paradigmatic example of a collateral issue a district court may entertain after an appeal has been taken to this court").  Thus, Plaintiff remains permitted to address the issue of fees and costs in this Court, if necessary, but he has not yet done so.  *See, e.g.*, [Doc. 33-1 at ¶ 3 ("Nothing in this Agreement shall dismiss or release any claims by Relator against Instec and Dr. Zou for expenses, reasonable attorneys' fees and costs pursuant to 31 U.S.C. § 3730(d)(2).")].

In sum, the language included in the order of dismissal (below) reflects the terms that this Court "considers proper," Fed. R. Civ. P. 41(a)(2), based on the language in the Stipulation of Dismissal and Settlement Agreement.  Thus, the Motion to Vacate is **DENIED** insofar as Plaintiff seeks an order of dismissal that is inconsistent with or broadens the terms of the Stipulation of Dismissal or Settlement Agreement.

## II.     Defendants' Motion to Dismiss

In light of the dismissal of this case pursuant to Rule 41(a)(2), specified in the conclusion below, the Motion to Dismiss is **DENIED AS MOOT**

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1)      Plaintiff-Relator's Motion to Vacate and Correct the Voluntary Dismissal [Doc. 33] is **GRANTED IN PART** and **DENIED IN PART**, as set forth herein;

(2)      Defendants Zhong "Henry" Zhou and Instec, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. 30] is **DENIED AS MOOT**;

(3)      The docket entry terminating this case [Doc. 24] is hereby **VACATED**; and

(4)      This case is **DISMISSED** as follows:

      a.      All causes of action in the Complaint [Doc. 1] are **DISMISSED with prejudice**;[10]

      b.      Bryan Swanton's claims for attorney's fees and costs pursuant to 31 U.S.C. § 3730(d) shall not be affected by this Order, pursuant to the terms of the Settlement Agreement; and

      c.      After a robust meet and confer, any motion for attorney's fees shall be filed no later than **June 30, 2023**.

DATED: June 13, 2023

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

---

[10] There is no dispute that the United States agreed in the Settlement Agreement to release Instec and Dr. Zou "from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act[.]" [Doc. 33-1 at ¶ 4]. Similarly, Plaintiff released Instec and Dr. Zou "from any civil monetary claim [he] has on behalf of the United States under the False Claims Act, 31 U.S.C. §§ 3729–3733." [*Id.* at ¶ 5]. Although Plaintiff's release is subject to exceptions under paragraph 3 of the Settlement Agreement, and Plaintiff's and the United States's releases are both subject to paragraph 6 of the Agreement, [*id.* at ¶¶ 4–5], none of those exceptions affect the dismissal with prejudice of the FCA claims at issue in the Complaint. *See* [*id.* at ¶¶ 3, 6]; *see also* [Doc. 22 at ¶ 3 (Plaintiff agreeing in the Stipulation of Dismissal that "dismissal shall be *with prejudice* to [Plaintiff] as to all claims in *the above-captioned action*" (emphasis added))].